# Boyd *versus* McNaughton.

1. In an action of ejectment to enforce payment of purchase-money, where there has been a conditional judgment, and the time for payment has passed without payment, the plaintiff may waive his right to insist upon a strict forfeiture.

2. Until the defendant's equity is cut off, the plaintiff is his creditor for the unpaid purchase-money, holding the legal title of the land for security; but when the equity is extinguished, the plaintiff is no longer a creditor.

3. Any acknowledgment by the plaintiff of the defendant as a debtor for the purchase-money, is an admission that his equity continues, and a waiver of the right to insist on a forfeiture.

4. A defendant having confessed judgment in such ejectment, to be released on payment of the purchase-money in two instalments, the plaintiff assigned that falling due last, before either was due; after this assignment, he had no right to take out an *habere facias* before the last instalment was due.

5. After the time fixed for the payment of the first instalment, he assigned that instalment. *Held*, that this was an unequivocal acknowledgment that the defendant continued his debtor, and that his equity was not foreclosed. *Held*, also, that it was notice to the defendant to that effect, as it was an order on him to pay the instalment to the assignee, and an execution should not have issued.

6. One instalment was paid to the assignee and the other paid into court. *Held*, that the plaintiff should file a deed for the land in court before taking the money out.

ERROR to the Court of Common Pleas of *Clarion county*, in which this was an action of ejectment for two tracts of land, commenced August 8th 1863, and on the same day the defendant confessed judgment for the land described in the writ, to be released on the payment of $135.76, to wit: $90 on the first day of June 1864, with interest, and the remaining $45.76 on the first day of June 1865, with interest, costs of suits, &c.

May 7th 1864, the payment falling due June 1st 1865, was assigned to Geo. W. Arnold.

On the 17th of August 1864, the payment due June 1st 1864 was assigned on the record to Barber and Rulofson.

1 P. F. SMITH—15

[Boyd *v.* McNaughton.]

On the 11th of February 1865, on motion of plaintiff's counsel, an *habere facias* was ordered to issue.

On the 2d of May, $102.89 were brought into court, and on the 31st of May the receipt of G. W. Arnold, assignee, for $50.75, in full of the instalment due June 1st 1865, was filed. No deed was filed in the case.

The error assigned was that the court ordered the writ of *habere facias* to issue before the last instalment of the. judgment fell due, and that no deed had been filed by the plaintiff.

*W. L. Corbett* and *B. J. Reid,* for plaintiffs in error.—In actions of ejectment to enforce payment of purchase-money, where the time fixed for payment by a verdict or confession passes without payment, the defendant's equity is forfeited. But this rule is a hard one, and courts are disposed to abate its rigour whenever it can be done: Creigh *v.* Shatto, 9 W. & S. 84; Hewitt *v.* Huling, 1 Jones 35, 36.

No reported case has been found where execution has been awarded before all the instalments were due. In Treaster *v.* Fleisher, 7 W. & S. 137, there were two instalments, but it does not appear that execution was allowed before the last was due. The rule of forfeiture should be strictly construed.

If this land should be forfeited before the last instalment is due, to whom would it be forfeited? The plaintiff has parted with his interest in the judgment. To forfeit it to Barber and Rulofson would wrong Arnold, the assignee of the instalment last due. It could not be forfeited to both the assignees, for Arnold's instalment was not due. Delay till the last instalment is due would relieve all confusion and hardship. A plaintiff in such action must tender a deed before he can enforce execution: Hall *v.* Holmes, 4 Barr 254; Laner *v.* Lee, 6 Wright 156–172.

*D. Lawson* and *G. W. Lathy,* for defendant in error.—The law is, that in actions of ejectment to enforce the payment of purchase-money, wherever by the verdict of a jury or a confession of judgment fixing a time for payment, time is made essential, a failure to pay at the time rescinds the contract: Coughanour *v.* Bloodgood, 3 Casey 287; Chew *v.* Philippi, 8 Id. 205; Waters *v.* Waters, Id. 308. The condition of the release was the payment of $90 on June 1st 1864, and failing in that condition, defendant's equity was gone as much as if he had failed in both.

It was not necessary for the plaintiff to tender or file a deed; the defendant, by neglecting to pay, forfeited his right to call for filing a deed.

The opinion of the court was delivered, January 8th 1866, by

STRONG, J.—Whether, in an ejectment wherein judgment has been recovered by the plaintiff, with a condition that it shall be

[Boyd v. McNaughton.]

released on the payment by the defendant of a sum of money in instalments payable at different times, an *habere facias* can be awarded before default in the last payment, we are not called upon now to decide. For if it can in general, it is plain that the plaintiff can waive his right to insist upon a strict forfeiture. Such an ejectment involves equities between the parties. The judgment recognises an equitable interest in the land in the defendant, and determines that it shall be foreclosed after a certain time. It cannot be doubted that the plaintiff may extend that time. Until the equity of the defendant is cut off, the plaintiff continues his creditor for the unpaid purchase-money, holding the legal title of the land as a security for the debt. But when the equity is foreclosed, or extinguished, the plaintiff is no longer a creditor. Any acknowledgment of the defendant as a debtor for the purchase-money is therefore an admission that his equity continues, and is a waiver of the plaintiff's right to insist upon a forfeiture.

In the present case the plaintiff has done two acts which were inconsistent with any right to an *habere facias* when it was awarded. His judgment was on condition that it should be released on the payment of $90 on the 1st of June 1864, with interest, and the further sum of $45.76, with interest and costs, on the 1st day of June 1865. On the 7th of May 1864, before the time fixed for the payment of either of the instalments, the plaintiff assigned upon the record the one falling due June 1st 1865 to one George W. Arnold. This was in equity an order upon the defendant to pay that instalment to Arnold. After this assignment the plaintiff had no right to destroy the debt assigned, by taking out an *habere facias* before June 1865. That would amount to a fraud upon his assignee, and also upon the defendant whom he had directed to pay the debt to the assignee. And still more. On the 17th of August 1864, after the time fixed for the payment of the first instalment, the plaintiff assigned it also to Barber & Rulofson. This last assignment was an unequivocal acknowledgment that the defendant continued to be his debtor, and that his equity was not foreclosed. And it was a notice of that effect to the defendant, for as in the other case it was an order upon him to pay the instalment to the assignees. Under these circumstances no execution should have been awarded.

The record shows that the instalment assigned to Arnold was duly paid, and that the other was paid into court on the 2d of May 1865, apparently with the costs. The judgment is therefore released. But the plaintiff should file in court a deed for the land, before the money in court should be allowed to be taken out.

> The order of the court awarding an *habere facias possessionem* is reversed with costs, and the record is remitted.